IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA**,  Case No.: 3:19 CR 171
    Plaintiff,  Judge Michael Newman
vs.

**LIONEL COMBS**,  RESPONSE TO UNITED STATE'S
    Defendant.  APPLICATION FOR CONSIDERATION
  OF POTENTIAL CONFLICT OF INTEREST

---

    Now comes Defendant, by and through Counsel, and herein responds to the Government's application for this Court to consider a potential conflict of interest arising from Counsel's simultaneous representation of Lionel Combs and Louis Walton.  This matter is set for hearing on Friday, December 18, 2020.  Defendant submits that any potential conflict of interest is merely hypothetical, and therefore he is entitled to waive the same and proceed with his Counsel of choice in this case.

    The Sixth Amendment provides that a criminal Defendant shall have the right to assistance of Counsel for his defense.  Albeit with exceptions, this constitutional right to Counsel has been interpreted as a Defendant's right not only to representation, but the right to counsel of his choice. *US v. Gonzalez-Lopez*, 547 US 2006.  Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of choice of counsel bears directly on the "frame- work within which the trial proceeds. *Id*., citing *Arizona* v. *Fulminante*, 499 U. S. 279 (1991), 310.  Therefore, such deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error'. *Fulimante* at 282.

    Dual or "joint representation" is not impermissible under the Sixth Amendment.  In fact, the Sixth Amendment creates a *presumption* in favor of counsel of choice which does not

require representation free from conflicts of interest in order to retain and maintain a particular attorney. *U.S. v. Jones,* 381 F. 3d 114, 119 (2nd Circuit, 2004). See also *Thomas v, Foltz*, 818 F. 2d 476, 482 (6th Cir. 1987). Where a potential, not an actual conflict exists, a defendant may waive that potential conflict of interest and elect to continue with dual. representation. *See United States v. Reese,* 699 F.2d 803, 804 (6th Cir.1983).

There is a difference between a potential conflict and an actual conflict. *Actual* conflict exists only where there can be shown specific instances to suggest that conflict. It must be demonstrated that an attorney is in a position where she must make a choice between possible alternative courses of action, such as eliciting at trial (or failing to elicit) evidence helpful to one client, but harmful to the other. If she does not have to make such a choice, the conflict is merely hypothetical. *U.S v. Hall*, 200 F. 3d 962, 966 (6th Cir. 2000).1 There is no claim of actual conflict in this case.

The Government claims that there exists a potential conflict in the representation of Defendant Combs in one case and Defendant Walton in a separately indicted case. The Government has requested that the Court hold a hearing in order for the Court to inquire as to the Defendant's understanding and acknowledgment of any potential conflict, and to obtain a waiver of such conflict if that is the desire of each Defendant. Pursuant to Fed. Crim. Rule 44, such an inquiry is appropriate in this matter. Each Defendant has been fully apprised of the nature of simultaneous representation and it is anticipated that both will waive any potential conflict. The Defendant agrees with the Government that such a hearing is well advised to ensure that waiver is informed, knowing, and voluntary.

---

1 See also: *Thomas v. Foltz,* 818 F.2d 476, 481 (6th Cir.1987), adopting the standard set forth in *United States v. Mers,* 701 F.2d 1321, 1328 (11th Cir.1983), to determine whether an actual conflict of interest exists: "We will not find an actual conflict unless appellants can point to specific instances in the record to suggest an actual conflict or impairment of their interests. . . . Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical. . . . There is no violation where the conflict is irrelevant or merely hypothetical; there must be an actual significant conflict."

2

However, Defendant disagrees with the Government's assertion that if two Defendants *could have been* charged by the same indictment, a per se "serious potential conflict" exists which cannot be remedied by waiver. The Government must *demonstrate* that such a serious conflict exists. Thus far, the assertion of this "serious potential conflict" is unsupported. The fact is that these Defendants were *not* charged in the same indictment. They *will not be tried together*. They are not "co-defendants" in the most commonly used sense of the term. These Defendants will not find themselves in the same trial, their single attorney perched between them.

Furthermore, and perhaps most important, there is no reason to believe that Combs would be called as a witness in Louis Walton's trial, or vice versa. In fact, there exists a good faith basis to believe the opposite: that neither of these Defendants has any knowledge of the other. *If the Government has a means or reason to show otherwise, that has yet to be brought to light; and if such information exists it <u>must</u> be brought to light in order for the Government to demonstrate this alleged conflict.*

The Government's blanket assertion of a "serious potential" conflict remains purely hypothetical. It is the position of the Defendant that there is no actual conflict nor serious potential conflict *that can be demonstrated*. To reject a waiver of potential conflict, where said conflict remains purely hypothetical, would be to completely circumvent the sixth amendment rights of each of these men to maintain privately retained counsel of their choice. The Government is not privy to the confidential conversations between attorney and Defendant. This is but one of many reasons that caselaw has established that it is an attorney representing the two defendants in a criminal matter who is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop…."' *Holloway v. Arkansas*, 435. US 475, 485 (1978).

Therefore, it is respectfully requested that this Court inquire as to Lionel Comb's understanding of any potential conflict, and to afford the opportunity for this Defendant to place his waiver of any potential conflict on the record as it is his constitutional right to do so. It is requested that this Court accept that waiver, as the circumstances of this representation do not

present the unique issues outlined in the case law creating any actual or serious potential conflict.

Respectfully submitted,

s/ *Kate L. Bowling*
Kate L. Bowling (0084442)
Attorney for Lionel Combs, III
120 W. Second Street, Ste. 1715
Dayton, OH 45402
(937) 671-1511 (*Telephone*)
(937) 716-2034 (*Facsimile*)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the applicable United States Attorney by standard efiling on the same date of filing.

s/ *Kate L. Bowling*
Kate L. Bowling (0084442)